<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

MOHAMMED IBRAHIM,

                 *Petitioner,*

      v.

ERIC ROKOSKY, *et al.*

                 *Respondents.*

Civil Action No. 25-cv-17189

**MEMORANDUM OPINION AND ORDER**

April 8, 2026

**SEMPER, District Judge.**

**IT APPEARING THAT:**

1.     This Court granted Petitioner Mohammed Ibrahim's Petition for a Writ of Habeas Corpus on February 4, 2026. (ECF Nos. 10, 11.) Respondents were ordered to consider Petitioner as detained pursuant to 8 U.S.C. § 1226(a) and provide him with an individualized bond hearing before an immigration judge. (*Id.*)

2.     Petitioner appeared before Immigration Judge Araya S. Ranasinghe ("Judge Ranasinghe") on February 9, 2026. Judge Ranasinghe concluded that Petitioner was a flight risk and denied Petitioner bond. (ECF No. 12.)

3.     On February 11, 2026, Petitioner filed a letter on the docket to notify the Court of Petitioner's intent to file a motion to enforce the habeas order. (ECF No. 13.)

4.     On March 11, 2026, the Court issued a Text Order directing Respondents to submit briefing with supporting documentation from the bond proceedings to address whether the bond

hearing satisfied the requirements of fundamental fairness, and permitting Petitioner to reply. (ECF No. 14.)

5. Respondents filed responsive briefing on March 17, 2026. (ECF No. 15.)

6. Petitioner filed a reply[1] on March 19, 2026. (ECF No. 16.)

7. This Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

8. Upon review of the parties' submissions and consideration of their arguments, the Court concludes that Petitioner has not demonstrated that his bond hearing was fundamentally unfair.

9. A fundamentally fair bond hearing has three essential elements. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests." *Ghanem*, 2022 WL 574624, at *2.

10. Petitioner submitted documents to the immigration court, including his credible fear interview summary and a letter from a proposed sponsor whom he met while in immigration detention. (ECF No. 15 at 3; ECF No. 16 at 7; ECF No. 16-2 at 12.)

11. Petitioner's counsel presented those documents to Judge Ranasinghe and advanced arguments on Petitioner's behalf. (ECF No. 16-2.)

---

[1] The Court construes Petitioner's reply as Petitioner's Motion for Further Relief. (ECF No. 16.)

12.     Petitioner contends that the bond hearing was fundamentally unfair because Judge Ranasinghe "relied on mechanistic factors," "failed to appropriately apply the burden and standard of proof," and "declined to consider… alternatives to detention."  (ECF No. 16 at 6.)

13.     However, Judge Ranasinghe expressly determined that "Department has met its burden of proving by clear and convincing evidence that the Respondent is a flight risk," reflecting application of the proper burden and standard of proof as required by this Court's prior Order. (*See* ECF Nos. 10, 11; *see also* ECF No. 16-2 at 19.)

14.     Petitioner's remaining arguments challenge Judge Ranasinghe's weighing of the evidence and consideration of alternatives to detention – matters that fall within the immigration judge's discretion and are not subject to this Court's review.  8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.")

15.     This Court expresses no opinion as to the correctness of Judge Ranasinghe's ultimate determination; however, the record compels the conclusion that Petitioner received the individualized bond hearing required by this Court's Order.  Any challenge to that determination must be directed to the Board of Immigration Appeals.

16.     The Court finds that the relief warranted by the habeas petition (ECF No. 1) has been afforded, and declines to address Petitioner's remaining arguments;

Therefore, **IT IS** on this 8th day of April, 2026,

**ORDERED** that Petitioner's Motion for Further Relief is **DENIED**; and it is further

**ORDERED** that all remaining claims and arguments not expressly addressed herein are **DISMISSED**  as moot; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

*/s/ Jamel K. Semper*
**Hon. Jamel K. Semper**
**United States District Judge**
**April 8, 2026**